UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RODOLFO TORRES | CIVIL ACTION |
| VERSUS | NO.  11-1413 |
| DANOS AND CUROLE MARINE<br>CONTRACTORS, LLC, ET AL | SECTION "N"  (2) |

## ORDER AND REASONS

Considering the Motion for Summary Judgment **(Rec. Doc. 185)**, filed by Tiger Rentals, Ltd., the opposition memoranda (Rec. Docs. 198, 200), the reply memorandum (Rec. Doc. 118), all materials submitted by the parties, and the applicable law;

**IT IS ORDERED** that the motion is **DENIED**.  Although Triton has presented only conjecture regarding possible direct liability on the part of Tiger Rentals and has pointed to no evidence connecting any act or omission of Tiger Rentals to the crane operation in question or the risks attendant thereto, the Court finds that a genuine dispute exists as to whether Tiger Rentals retained operational control over Global Safety Medics personnel sufficient to overcome the general rule against vicarious liability for the acts or omissions of independent contractors.[1] *See Wallace v. Oceaneering Int'l*, 727 F.2d 427, 436-37 (5th Cir. 1984); *McCormack v. Noble Drilling Corp.*, 608 F.2d 169, 174-75 (5th Cir. 1979).  A Tiger Rentals representative testified that Tiger instructed Global Safety personnel to represent themselves as Tiger Rentals personnel because it was Tiger Rentals' responsibility to handle any questions or problems that arose with

---

[1] The underlying question of whether any Global Safety Medics personnel committed any act of negligence related to the accident is not before the Court.

the Global Safety personnel.  *See* Rec. Doc. 185-2 at 55-61 of 131, 103 of 131, 120-122 of 131. While this testimony is ambiguous as to the nature and scope of Tiger Rentals' responsibility for the personnel, such ambiguity must be construed in favor of the nonmoving parties.  *See, e.g., Jenkins v. Cleco Power, LLC,* 487 F.3d 309, 313-14 (5th Cir. 1991) ("The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." ).   The Court may not weigh the evidence on summary judgment.  *See, e.g., Vaughn v. Woodforest Bank,* 665 F.3d 632, 635 (5th Cir. 2011).

    New Orleans, Louisiana, this 15th day of July, 2013.

                                            **KURT D. ENGELHARDT**
                                            **UNITED STATES DISTRICT JUDGE**